UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAMELA RADIX and RON RADIX**                                               **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 1:06CV504 LTS-RHW**

**RONALD L. TUBB and**
**ALLSTATE INSURANCE COMPANY**                              **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiffs Pamela Radix and Ron Radix's (the Radixes) motion to remand.  For the reasons set out below, this motion will be granted.

This is an action to recover for property damage sustained during Hurricane Katrina.  The Radixes are the named insureds under a homeowners insurance policy issued by Defendant Allstate Insurance Company (Allstate).  The Radixes purchased this policy through Allstate's local agent, Defendant Ronald Tubb (Tubb).  The Radixes allege that Tubb persuaded them not to purchase flood insurance.  This is an allegation Tubb staunchly denies.  In fact, Tubb asserts that he last attempted to sell the Radixes flood insurance in a written solicitation mailed to the Radixes just months before the storm. (Tubb Affidavit)  The Radixes deny receiving any such solicitation, and assert affirmatively that they requested Tubb secure flood insurance for their residence in December 2004. (Affidavit of Pamela Radixes)

This case was removed on grounds of diversity of citizenship.  The Radixes are Mississippi citizens, as is Tubb.  If Tubb has been properly joined as a party defendant, this court lacks subject matter jurisdiction under 28 U.S.C. §1332.  Removal is premised on Allstate's contention that Tubb has been fraudulently joined to defeat diversity jurisdiction.  On this issue, Allstate bears the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

### Allegations of the Complaint

The Radixes have alleged that they instructed Tubb to purchase flood insurance for them despite having been advised by Tubb that they did not need flood coverage. Flood coverage was apparently never purchased. There could scarcely be a more direct conflict between the parties' version of the events during the year before the storm. In these circumstances, in considering the allegation of fraudulent joinder, the Court must accept the plaintiffs' version of these events. The Radixes are apparently pursuing several theories of recovery against Tubb. The Radixes have alleged both fraud and negligent misrepresentation.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit one of the Radixes' theories of recovery against Tubb.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.  The agent would certainly be under a duty to properly ascertain the maximum available flood insurance coverage in response to a request from a customer for that information.

Of course, the truth of the Radixes' allegations; the circumstances in which the events in question transpired, the question what coverages were discussed and what decisions on coverage were made, are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, the Radixes' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the Radixes' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Tubb and Allstate have failed to establish that the Radixes have no viable legal theory upon which they may proceed against Tubb under the Radixes' version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

*s/ L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge